UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

HOWARD HAWK WILLIS, )
)
    *Plaintiff*, )
)
v. ) No. 1:15-cv-258-CLC-CHS
)
STEPHEN CRUMP, Bradley County, )
Tennessee District Attorney General, *et al.*, )
)
    *Defendants*. )

## MEMORANDUM & ORDER

This pro se prisoner's civil rights action for injunctive relief under 42 U.S.C. § 1983, was transferred to this Court by the United States District Court for the Eastern District of New York [Doc. 1]. Plaintiff is Howard Hawk Willis, whose permanent place of confinement is the Riverbend Maximum Security Institution in Nashville, Tennessee.[1] Defendant is Stephen Crump, the District Attorney General for Bradley County, Tennessee.

In his complaint, Plaintiff asks the Court to enjoin Crump and "state officials, employees, assigns, and et als [sic]" from depriving Plaintiff of his right to present evidence to a Bradley County grand jury—a right allegedly secured to him by Tenn. Code. Ann. § 40-12-104(a) and (b). In the alternative, Plaintiff asserts that he should be allowed to present evidence to a federal

---

[1] *See* U.S. Party Case Index, a national electronic database which tracks prisoner suits in federal courts. (Available at https://pacer.login.uscourts.gov/csologin!login.jsf?appurl= pacer.uspci.uscourts.gov/search, (last visited September 30, 2015; restricted to authorized users)). The database reflects that Plaintiff was in the Eastern District of New York, where this complaint was filed, in connection with a resentencing hearing on a cocaine conspiracy conviction in *United States v. Willis,* 1:01-cr-00264-SJ-1 (E.D.N.Y. Sept. 11, 2015) (amended judgment). (Available at https://ecf.nyed.uscourts.gov/cgi-bin/DktRpt.pl?l 04530740750787 (last visited September 30, 2015; restricted to authorized users)).

grand jury, based on his theory that a resident of the State of Georgia crossed the state line into Tennessee to commit the robbery and murder of a Mr. Thomas, a Bradley County resident, and accordingly that federal prosecutorial jurisdiction exists over the crimes.

Plaintiff's application to proceed without prepayment of fees and costs is **GRANTED** [Doc. 2].

I.     FEE ASSESSMENT PROCEDURES

Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(l)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37401, as an initial partial payment, whichever is greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum & Order to the custodian of inmate trust accounts at the facility wherein Plaintiff is confined and to Derrick D. Schofield, Commissioner of the Tennessee Department of Correction, to ensure that upon Plaintiff's return to the State of Tennessee and to his place of permanent confinement, the custodian of Plaintiff's inmate trust account at that facility complies with that portion of the Prison Litigation Reform

Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of the Memorandum & Order to the Court's financial deputy. This Memorandum & Order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another prison.

## II. SCREENING & GOVERNING STANDARDS

Cases filed *in forma pauperis* must be screened under 28 U.S.C.§ 1915(e)(2) to determine whether they state a claim entitling a plaintiff to relief or whether they are frivolous or malicious or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A complaint will not pass the screening test unless it presents "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," so as to clothe a claim in "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put simply, this standard requires that a plaintiff plead factual content which allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In performing its screening task, the Court bears in mind that the pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the complaint does not state a claim or is frivolous, malicious, or seeks damages from an immune defendant, this suit must be dismissed.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

The Court examines the complaint in light of the above guidelines.

### III. DISCUSSION

#### A. Plaintiff's Allegations

As relevant to the claimed wrongful conduct of the sole Defendant named in the complaint, Plaintiff presents the allegations which follow. The Bradley County Sheriff's Department launched a missing persons investigation into the disappearance of Samuel Johnson Thomas, after Alfred Thomas reported him missing on September 23, 2002. The missing-persons investigation subsequently coalesced into a murder investigation. Tapped to lead the investigation were Captain Bill Burtt and Shaundra Efaw, who thereafter allegedly concealed evidence, slanted the investigation, and testified untruthfully regarding the facts of the case. Plaintiff is aware of this unlawful conduct because he has obtained copies of the complete case file detailing the Thomas investigation and he knows what evidence was contained in the police files.

For some time, Plaintiff has made diligent efforts to provide credible evidence to state authorities concerning the investigation, but those efforts have been thwarted to prevent him from disclosing to the grand jury the investigators' misconduct. For example, Plaintiff has

written letters to various individuals involved in the case, including two assistant district attorneys, the Bradley County Sheriff, the grand jury foreman, and the Tennessee Attorney General; has made telephone calls; and has sought legal redress in state courts, all to no avail. The evidence which Plaintiff proposes to provide to the grand jury either is not contained in the Bradley County investigative file or would complement, clarify, and emphasize evidence which is in the file, but has been overlooked or hidden to due to the alleged misconduct of the Bradley County investigators. Plaintiff insists that this evidence necessarily must be presented for the grand jury's consideration to resolve the Thomas murder.

Plaintiff asserts that the conduct outlined above violates federal criminal law, as well as his rights to due process and to equal protection of the law under the Fourteenth Amendment to the Constitution.

**B. Law & Analysis**

The starting point for a discussion of the due process aspect of this claim is the long-settled rule that there is no constitutional right to a state grand jury since "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendant by the Fourteenth Amendment." *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972) (citing *Hurtado v. California*, 110 U.S. 516 (1884)). The Sixth Circuit has recognized, in the context of an arrestee's § 1983 case, that a witness who has exculpatory evidence has no federal obligation to present it to a grand jury. *Carver v. Mack*, 112 F. App'x 432, 437 (6th Cir. 2004) (citing *United States v. Williams*, 504 U.S. 36, 47 (1992) and *United States v. Angel*, 355 F.3d 462 (6th Cir. 2004) for its discussion of *Williams*). Indeed, one federal court has read *Williams* "as all but deciding that a citizen has no due process right under the 5th or 14th amendments to have exculpatory evidence presented to the grand jury." *Lewis v. McDorman*, 820 F. Supp. 1001, 1007 (W.D. Va. 1992),

Case 1:15-cv-00258-CLC-CHS   Document 16   Filed 12/14/15   Page 5 of 8   PageID #: 341

*aff'd*, 28 F.3d 1210 (4th Cir. 1994). *See Downer v. Warren*, No. CIV.A. 11-6414 RMB, 2013 WL 1986395, at *19 (D.N.J. May 13, 2013) (noting that a petitioner's "challenge to any aspect of his grand jury proceedings cannot raise a question of federal law").

Moreover, "[a] state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995). It is well settled that "[f]ederal judges do not enforce state-created procedures in the name of the Constitution." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1049 (7th Cir. 1995) (quoting *Gordon v. Degelmann*, 29 F.3d 295, 301 (7th Cir. 1994)). Finally, "[a] state statute cannot 'create' a federal constitutional right." *Harrill v. Blount County, Tenn.*, 55 F.3d 1123, 1125 (6th Cir. 1995). By logical analogy, the same holds true of the Tennessee Constitution. *See State v. Hudson*, 487 S.W.2d 672, 675 (Tenn. Crim. App. 1972) ("It is incontestable, therefore, that the inquisitorial function and power of the Grand Jury derive directly from our State Constitution itself and are grounded therein.").

Thus, based on the above cases and analysis, the Court concludes that Plaintiff's contentions regarding the rejection of his request to present evidence in the Bradley County grand jury proceedings raises no due process issue. *See Glazier v. Cate*, No. CV 12-5692-JFW PLA, 2014 WL 6769619, at *10 (C.D. Cal. Dec. 1, 2014) (finding that errors occurring "at a state grand jury proceeding do not deprive a defendant of a federally protected right").

Plaintiff's equal protection claim, raised under a class-of-one theory of liability, is similarly lacking. The Equal Protection Clause is not a source of substantive rights, nor is it an independent means by which remedy violations of state law; its purpose, rather, "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination,

6

whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (citation omitted); *see Harris v. McCrae*, 448 U.S. 297, 322, (1980); *Snowden v. Hughes*, 321 U.S. 1, 7–8 (1944). To succeed on an equal protection claim under a class-of-one theory, a plaintiff must assert he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564 (citations omitted). To show that the questioned treatment lacks a rational basis, a plaintiff may either "negative every conceivable basis which might support the government action [or] demonstrate that the challenged government action was motivated by animus or ill-will." *Klimik v. Kent Cty. Sheriff's Dep't*, 91 F. App'x 396, 399 (6th Cir. 2004) (citations omitted).

First of all, the Court sees nothing to satisfy the "similarly situated" element of a class-of-one claim. It is doubtful that there is a single person who is "similarly situated" to Plaintiff, given his unique circumstances: He is a convicted double murderer, imprisoned on death row in a state correctional facility, who desires to give evidence, even perhaps to testify, before a grand jury investigating another murder. And under the *Olech* legal standard for class-of-one claims, a plaintiff "must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006).

Secondly, Plaintiff has not argued that Defendant has intentionally treated him differently than other unidentified but similarly-situated individuals, much less argue that Defendant's actions are without a rational basis. Indeed, it would be difficult to sustain an argument that the actions herein complained of lack a rational basis, in view of the fact of Plaintiff's imprisonment on death row. To do so, Plaintiff would have the burden of eliminating "every conceivable basis

7
Case 1:15-cv-00258-CLC-CHS   Document 16   Filed 12/14/15   Page 7 of 8   PageID #: 343

which might support the government action [or] demonstrat[ing] that the challenged government action was motivated by animus or ill-will." *Klimik*, 91 F. App'x at 399. This he simply cannot do, given his confinement situation.

Put simply, Plaintiff has failed to state an equal protection claim. *See Norwood v. Hansmaier*, No. 93 CV 3748, 1997 WL 67669, at *3 (E.D.N.Y. Feb. 11, 1997) (finding that a claim of the denial of a statutorily-created right to testify in front of a state grand jury "clearly fail[s] to assert [a] federal constitutional issue[]").

### IV. CONCLUSION

Because the factual content of Plaintiff's complaint does not present a constitutional violation, the Court finds he has failed to state a facially plausible claim under § 1983. *See Iqbal*, 556 U.S. at 678. In addition, the Court has carefully reviewed the complaint under 28 U.S.C. § 1915(a)(3) and hereby **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24(a). Accordingly, if Plaintiff files a notice of appeal, he must submit a motion for leave to appeal *in forma pauperis* and a certified copy of his inmate trust account statement for the six-month period preceding the filing of the notice.

Plaintiff's pending motions are **DENIED** as **MOOT** [Docs. 8, 9].

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**